By the Court:

Fithian, J.
In the case of Gardner v. Keteltas (3 Hill, 330), the Supreme Court held that, in the absence of an express covenant so to do, a lessor was not bound to put his lessee into the actual possession of the demised premises, as against a wrongful holder thereof. And this because the usual covenant for quiet *530 enjoyment in the lease extends'only to protect the tenant in the enjoyment of the premises against persons lawfully claiming, but not against wrongdoersfor, as to the latter, the right and remedy of the lessee to dispossess such wrongful holder is as perfect and effectual as was that of the lessor before the execution of the lease. Accordingly, if the lessor give to his lessee .a complete and perfect right of possession to the demised premises, he has done all that he is "required to do by law or the terms of his lease, and the tenant assumes the burden of enforcing such right of possession as against all wrongful possessors. Im the case at bar, however, the plaintiff did not obtain such right of possession until the execution. and deliveiy of the lease of the date of September first. The landlord could not have recovered of plaintiff rent under this lease for any period of time previous to its delivery, unless the plaintiff had been in the actual occupation of the premises during such time.
The receipt and agreement of August 8, 1865, was not a lease either present or future. It was an agreement to give a lease only (Jackson v. Delacroix, 2 Wend., 433). It did not clothe the plaintiff with the title to or right of possession of the demised premises, even as against the defendant himself, much'less as to third persons. It was-an executory contract, whereby the plaintiff could compel the execution and delivery of a ' leasé on the day therein named ; but. until the delivery of such lease the plaintiff was without lawful right or remedy tó oust 'the previous tenant, who was wrongfully holding over (Norman v. Wells, 17 Wend., 136). It is true the printed case contains a stipulation signed by. the counsel of the respective parties, whereby it is agreed that under the agreement of August 8, 1865, the plaintiff “was entitled to the possession of the demised premises on the 1st day of September, 1866,” but that is not a stipulation as to any fact in the case. It is at best but an illegal conclusion. If, as is probable, the plaintiff g counsel, by stipulating that his client was “ entitled to the possession,” &c., under the - agreement of August, 1865, intended only to assert in general terms his rights and remedies ill *531 this action growing out of that paper, then the stipulation is consistent with all the other facts and proceedings in the case; but if it be claimed that such stipulation is to have the effect of construing a written instrument, set forth in the case, directly contrary to its language, tenor, and legal effect, the court cannot be bound by any such stipulation. The agreement of August, 1865, is before us, and we must construe it according to its clear language, tenor, and legal effect. The agreement is in evidence. Its language is clear and explicit, and “ needeth not to be interpreted,” and it cannot be permitted that any different or other meaning should be given to it by a stipulation than its language clearly imports.
By this agreement the defendant obligated himself to execute and deliver to the plaintiff on the 1st day of September, 1866, a lease of the premises in question for three years'—such a lease as would enable the plaintiff to obtain and hold the possession of the premises for that period of time against all others. The defendant, although duly requested so to do, refused or neglected to deliver such lease for a number of days. This was a breach of his contract, and for such breach the plaintiff was entitled to recover such actual damage as he had sustained in consequence. He seeks in his complaint to recover for loss of profits which he might have made in the business he proposed to conduct in the premises. But the justice at circuit properly excluded evidence of or right to recover such damages as too remote and contingent. The plaintiff, however, was clearly entitled to recover for the rent he paid for the use of the premises during that time. Had the defendant kept his contract and delivered the lease on the day named in the agreement of August, 1865, then, within the ruling of Gardner v. Keteltas, supra, plaintiff would have had his remedy and been obliged to look to the wrongful hold-over tenant, and could have recovered of him not only the possession, but damages, for the withholding; but without his lease he had no rights in the premises as against the tenant holding over; and defendant, therefore, is clearly liable to respond to the plaintiff for such legal damages as he has sustained in the premises. It *532 is claimed by the defendant’s counsel that the --verdict is for-a larger amount than the evidence will warrant. The rent agreed upon was $300 per quarter, or $1,200 per year, which would be at the rate of $3.28 per day, and the jury were authorized to award to the ^plaintiff that sum per day for as many days as they should find the lease remained undelivered to plaintiff. It'is claimed by the defendant that the jury have awarded damages for a greater number of days than is testified to by any witness." There is a direct conflict of evidence as to what day the lease was actually delivered to plaintiff. The plaintiff swears the lease was not delivered until the 4th day of October. On the contrary, there is evidence—and 1 think a preponderance of evidence—to show that the lease was delivered as early as the 12th of September; but as there is evidence to sustain a verdict for thirty-four days, I do not think the evidence to the contrary is such as will authorize the reversal of the judgment as against evidence.
Judgment affirmed, with posts.